**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Kevin Curphey**, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**F & S Management I, LLC**, an Arizona Limited Liability Company; **F & S Management II, LLC**, an Arizona Limited Liability Company; **F & S Management III, LLC**, an Arizona Limited Liability Company; **F & S Management IV, LLC**, an Arizona Limited Liability Company; **F & S Management VI, LLC**, an Arizona Limited Liability Company; **F & S Oil - I, LLC**, an Arizona Limited Liability Company; **F & S Oil III, LLC**, an Arizona Limited Liability Company; **F & S Oil V, LLC**, an Arizona Limited Liability Company; **F & S Consulting & Management, LLC**, an Arizona Limited Liability Company; **FNS Ventures - Gateway, LLC,** an Arizona Limited Liability Company; **FNS Ventures I, LLC,** an Arizona Limited Liability Company; **FNS Ventures II, LLC,** an Arizona Limited Liability Company; **FNS Ventures-Tempe, LLC,** an Arizona Limited Liability Company; **Francis & Sons I, LLC,** an Arizona Limited Liability Company; **Francis & Sons-McClintock, LLC,** an Arizona Limited Liability Company; **Coldwater F&S, LLC,** an Arizona Limited Liability | No. _____<br><br>**COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. § 201, *ET SEQ.*** |

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-1-

Company; **F & S Capital Management, LLC**, an Arizona Limited Liability Company; **T & J Management, LLC**, an Arizona Limited Liability Company; **F & A Management, LLC**, an Arizona Limited Liability Company; **Ehab Francis and Jane Doe Francis**, a Married Couple; **Hisham Francis and Jane Doe Francis II**, a Married Couple; **Osama Francis and Jane Doe Francis III**, a Married Couple; and **Anar Francis and Jane Doe Francis IV**, a Married Couple

Defendants.

Plaintiff, Kevin Curphey ("Plaintiff"), individually, and on behalf of all other persons similarly situated, alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action on behalf of himself and all similarly-situated current and former #2 Assistant Managers and #1 Store Managers[1] of Defendants F & S Management I, LLC; F & S Management II, LLC; F & S Management III, LLC; F & S Management IV, LLC; F & S Management VI, LLC; F & S Oil - I, LLC; F & S Oil III, LLC; F & S Oil V, LLC; F & S Consulting & Management, LLC; FNS Ventures - Gateway, LLC; F & S Ventures I, LLC; F & S Ventures II, LLC; FNS Ventures-Tempe, LLC; Francis & Sons I, LLC; Francis & Sons-McClintock, LLC; Coldwater F & S, LLC; F & S Capital Management, LLC; T & J Management, LLC; F & A Management, LLC; Ehab Francis and Jane Doe Franis; Hisham Francis and Jane Doe Francis II; Osama

---

[1]     For the purposes of this Complaint, "#2 Assistant Managers and #1 Store Managers" is exclusively a title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiff and putative class.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Francis and Jane Doe Francis III; and Anal Francis and Jane Doe Francis IV[2] who were not compensated at a rate of one and one-half times their regular rates of pay for hours they worked in excess of 40 in a given workweek.

2.     Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

3.     Plaintiff brings a collective action under the FLSA to recover the unpaid overtime owed to him individually and on behalf of all other similarly-situated employees, current and former, of Defendants.  Members of the Collective Action are referred to as the "Collective Members."

4.     The Collective Members are all current and former #2 Assistant Managers and #1 Store Managers who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

5.     This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

6.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Under the FLSA, employers must pay all non-exempt employees an overtime premium for all time spent working in excess of 40 hours per week.

---

[2]     All Defendants to this action are collectively referred to as either "Francis & Sons Car Wash" or "Defendants" unless specified otherwise.

7.    Defendants engaged in the regular policy and practice of subjecting Plaintiff and the Collective Members to their policy and practice of failing and/or refusing to pay them overtime for time they worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a).

8.    Therefore, Defendants did not pay Plaintiff or the Collective Members the applicable overtime rate, in violation of 29 U.S.C. § 207.

## JURISDICTION AND VENUE

9.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

10.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.

11.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

12.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

13.     At all times material to the matters alleged in this Complaint, Plaintiff is an individual residing in Maricopa County, Arizona, and has been an employee of Defendants.

14.     At all material times, Plaintiff is a full-time, non-exempt employee of Defendants who has worked for Defendants from approximately October 2016 through approximately December 2019.

15.     From approximately May 2017 through approximately May 2018, Plaintiff worked for Defendants as a #1 Store Manager, earning approximately $850 per week.

16.     From approximately July 2019 through approximately December 2019, Plaintiff worked for Defendants as a #2 Assistant Manager, earning approximately $650 per week.

17.     Plaintiff, in his work for Defendants as a #1 Store Manager, was employed by Defendants to perform various job duties, including but not limited to hiring and training employees, ensuring that chemical orders were made, ensuring that equipment functioned properly, opening and closing the car wash, counting money at the beginnings and ends of days, performing customer service, and cleaning.

18.     Plaintiff, in his work for Defendants as a #1 Store Manager, was paid a weekly rate for all hours worked, regardless of whether those hours exceeded 40 in a given workweek.

19.     Plaintiff's weekly rate of pay, in his work for Defendants as a #1 Store Manager, was approximately $850.

20.     Plaintiff, in his work for Defendants as a #1 Store Manager, was scheduled to, and did, work between 67 and 74 hours per week.

21.     Plaintiff, in his work for Defendants as a #2 Assistant Manager, was employed by Defendants to perform various job duties, including but not limited to opening the car wash, counting money and balancing drawers, setting and unlocking alarms, overseeing employees, ensuring items are stocked, and handling customer complaints.

22.     Plaintiff, in his work for Defendants as a #2 Assistant Manager, was paid a weekly rate for all hours worked, regardless of whether those hours exceeded 40 in a given workweek.

23.     Plaintiff's weekly rate of pay, in his work for Defendants as a #2 Assistant Manager, was approximately $650.

24.     Plaintiff, in his work for Defendants as a #2 Assistant Manager, was scheduled to, and did, work between 54 and 70 hours per week.

25.     At all material times, Plaintiff is and has been an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and is and has been a non-exempt employee under 29 U.S.C. § 213(a)(1).

26.     Plaintiff has given his written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

27.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated who are current or former #2 Assistant Managers and #1 Store

-6-

Managers of Defendants, including but not limited to #2 Assistant Managers and #1 Store Managers who agree in writing to join this action seeking recovery under the FLSA.

28.     Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated current and former employees of Defendants–specifically, #2 Assistant Managers and #1 Store Managers who were not paid overtime for time worked in excess of 40 hours in any given workweek and whose wages, therefore, were non-compliant with the FLSA.

29.     Defendant F & S Management I, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

30.     Under the FLSA, Defendant F & S Management I, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant F & S Management I, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, F & S Management I, LLC is subject to liability under the FLSA.

31.     Defendant F & S Management II, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

-7-

32.     Under the FLSA, Defendant F & S Management II, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant F & S Management II, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, F & S Management II, LLC is subject to liability under the FLSA.

33.     Defendant F & S Management III, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

34.     Under the FLSA, Defendant F & S Management III, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant F & S Management III, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, F & S Management III, LLC is subject to liability under the FLSA.

-8-

35.     Defendant F & S Management IV, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

36.     Under the FLSA, Defendant F & S Management IV, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant F & S Management IV, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, F & S Management IV, LLC is subject to liability under the FLSA.

37.     Defendant F & S Management VI, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

38.     Under the FLSA, Defendant F & S Management VI, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant F & S Management VI, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in

1   the interest of Defendants in relation to the company's employees, F & S Management

2   VI, LLC is subject to liability under the FLSA.

3       39.     Defendant F & S Oil - I, LLC is an Arizona limited liability company,

4   authorized to do business in the State of Arizona and is at all relevant times Plaintiff's

5   and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

6

7       40.     Under the FLSA, Defendant F & S Oil - I, LLC is an employer.  The FLSA

8   defines "employer" as any person who acts directly or indirectly in the interest of an

9   employer in relation to an employee.  At all relevant times, Defendant F & S Oil - I, LLC

10  had the authority to hire and fire employees, supervised and controlled work schedules or

11

12  the conditions of employment, determined the rate and method of payment, and

13  maintained employment records in connection with Plaintiff's and the Collective

14  Members' employment with Defendants.  As a person who acted in the interest of

15  Defendants in relation to the company's employees, F & S Oil - I, LLC is subject to

16

17  liability under the FLSA.

18      41.     Defendant F & S Oil III, LLC is an Arizona limited liability company,

19  authorized to do business in the State of Arizona and is at all relevant times Plaintiff's

20

21  and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

22      42.     Under the FLSA, Defendant F & S Oil III, LLC is an employer.  The FLSA

23  defines "employer" as any person who acts directly or indirectly in the interest of an

24  employer in relation to an employee.  At all relevant times, Defendant F & S Oil III, LLC

25  had the authority to hire and fire employees, supervised and controlled work schedules or

26

27  the conditions of employment, determined the rate and method of payment, and

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1   maintained employment records in connection with Plaintiff's and the Collective

2   Members' employment with Defendants.  As a person who acted in the interest of

3   Defendants in relation to the company's employees, F & S Oil III, LLC is subject to

4   liability under the FLSA.

5       43.     Defendant F & S Oil V, LLC is an Arizona limited liability company,

6   authorized to do business in the State of Arizona and is at all relevant times Plaintiff's

7   and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

8       44.     Under the FLSA, Defendant F & S Oil V, LLC is an employer.  The FLSA

9   defines "employer" as any person who acts directly or indirectly in the interest of an

10  employer in relation to an employee.  At all relevant times, Defendant F & S Oil V, LLC

11  had the authority to hire and fire employees, supervised and controlled work schedules or

12  the conditions of employment, determined the rate and method of payment, and

13  maintained employment records in connection with Plaintiff's and the Collective

14  Members' employment with Defendants.  As a person who acted in the interest of

15  Defendants in relation to the company's employees, F & S Oil V, LLC is subject to

16  liability under the FLSA.

17      45.     Defendant F & S Consulting & Management, LLC is an Arizona limited

18  liability company, authorized to do business in the State of Arizona and is at all relevant

19  times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. §

20  203(d).

21      46.     Under the FLSA, Defendant F & S Consulting & Management, LLC is an

22  employer.  The FLSA defines "employer" as any person who acts directly or indirectly in

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

the interest of an employer in relation to an employee.  At all relevant times, Defendant F & S Consulting & Management, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, F & S Consulting & Management, LLC is subject to liability under the FLSA.

47.     Defendant FNS Ventures - Gateway, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

48.     Under the FLSA, Defendant FNS Ventures - Gateway, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant FNS Ventures - Gateway, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, FNS Ventures - Gateway, LLC is subject to liability under the FLSA.

49.     Defendant FNS Ventures I, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

50.     Under the FLSA, Defendant FNS Ventures I, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant FNS Ventures I, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, FNS Ventures I, LLC is subject to liability under the FLSA.

51.     Defendant FNS Ventures II, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

52.     Under the FLSA, Defendant FNS Ventures II, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant FNS Ventures II, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, FNS Ventures II, LLC is subject to liability under the FLSA.

53.     Defendant FNS Ventures-Tempe, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

54.     Under the FLSA, Defendant FNS Ventures-Tempe, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant FNS Ventures-Tempe, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, FNS Ventures-Tempe, LLC is subject to liability under the FLSA.

55.     Defendant Francis & Sons I, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

56.     Under the FLSA, Defendant Francis & Sons I, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Francis & Sons I, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of

-14-

Defendants in relation to the company's employees, Francis & Sons I, LLC is subject to liability under the FLSA.

57.     Defendant Francis & Sons-McClintock, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

58.     Under the FLSA, Defendant Francis & Sons-McClintock, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Francis & Sons-McClintock, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Francis & Sons-McClintock, LLC is subject to liability under the FLSA.

59.     Defendant Coldwater F&S, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

60.     Under the FLSA, Defendant Coldwater F&S, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Coldwater F&S, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment,

and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Coldwater F&S, LLC is subject to liability under the FLSA.

61. Defendant F & S Capital Management, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

62. Under the FLSA, Defendant F & S Capital Management, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant F & S Capital Management, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, F & S Capital Management, LLC is subject to liability under the FLSA.

63. Defendant T & J Management, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

64. Under the FLSA, Defendant T & J Management, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant T & J

-16-

Management, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, T & J Management, LLC is subject to liability under the FLSA.

65. Defendant F & A Management, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

66. Under the FLSA, Defendant F & A Management, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant F & A Management, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, F & A Management, LLC is subject to liability under the FLSA.

67. Defendant Ehab Francis and Jane Doe Francis are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Ehab Francis and Jane Doe Francis are owners of Francis & Sons Car Wash, and were at all relevant times

Plaintiff's and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

68.     Under the FLSA, Defendants Ehab Francis and Jane Doe Francis are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Ehab Francis and Jane Doe Francis are the owners of Francis & Sons Car Wash.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Ehab Francis and Jane Doe Francis are subject to individual liability under the FLSA.

69.     Defendant Hisham Francis and Jane Doe Francis II are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Hisham Francis and Jane Doe Francis II are owners of Francis & Sons Car Wash, and were at all relevant times Plaintiff's and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

70.     Under the FLSA, Defendants Hisham Francis and Jane Doe Francis II are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Hisham Francis and Jane Doe Francis II are the owners of Francis & Sons Car Wash.  At all relevant times,

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Hisham Francis and Jane Doe Francis II are subject to individual liability under the FLSA.

71.     Defendant Osama Francis and Jane Doe Francis III are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Osama Francis and Jane Doe Francis III are owners of Francis & Sons Car Wash, and were at all relevant times Plaintiff's and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

72.     Under the FLSA, Defendants Osama Francis and Jane Doe Francis III are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Osama Francis and Jane Doe Francis III are the owners of Francis & Sons Car Wash. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Osama Francis and Jane Doe Francis III are subject to individual liability under the FLSA.

73.     Defendant Anar Francis and Jane Doe Francis IV are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Anar Francis and Jane Doe Francis IV are owners of Francis & Sons Car Wash, and were at all relevant times Plaintiff's and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

74.     Under the FLSA, Defendants Anar Francis and Jane Doe Francis IV are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Anar Francis and Jane Doe Francis IV are the owners of Francis & Sons Car Wash.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Anar Francis and Jane Doe Francis IV are subject to individual liability under the FLSA.

75.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

76.     Defendants, and each of them, are sued in both their individual and corporate capacities.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-20-

77.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff and the Collective Members.

78.     At all relevant times, Plaintiff and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

79.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

80.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

81.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

82.     At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

83.     At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

84.     At all relevant times, all Defendants were joint employers of Plaintiff and the Collective Members.  At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff and the Collective Members; and (2) Defendants were under common control.  In any event, at all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiff and the Collective Members.

85.     Further, at all relevant times, Defendants have operated as a "single enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose.  *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914-15 (9th Cir. 2003).

86.     Defendants operate a chain of car washes under the assumed name "Francis & Sons Car Wash."  They advertise themselves as such on their website.  The fact that they run each Francis & Sons Car Wash identically or nearly identically and their customers can expect the same kind of customer service regardless of the location is a significant advertising point of Defendants.

87.     Defendants represent themselves to the general public as one car wash company operating at multiple locations.  They share employees, have a common management, have a common ownership, operate each location as "Francis & Sons Car Wash," pool their resources, operate from the same headquarters, share common statutory agents, and have the same operating name.  This is a family of car washes that advertises together on the same website, provides the same array of products and services to its customers, and uses the same business model.  The Francis & Sons Car Wash family of locations exists under the control and direction of Defendants–Ehab Francis and Jane Doe Francis I, Hisham Francis and Jane Doe Francis II, Osama Francis and Jane Doe Francis III, and Anar Francis and Jane Doe Francis IV.  This family of car washes provides the same service product to its customers by using a set formula when conducting its

-22-

business.  Part of that set formula is the wage violations alleged in this Complaint.  These facts represent a classic example of "corporate fragmentation."

88.     Defendants' joint business purpose is to own and manage a chain of car washes known as Francis & Sons Car Wash.

89.     Defendants own and operate at least 15 Francis & Sons Car Wash locations.

90.     These locations include the following:

    a.     Francis & Sons Car Wash Avondale, located at 180 N. Avondale Blvd., Avondale, Arizona 85323;

    b.     Francis & Sons Car Wash Fountain Hills, located at 17115 E. Shea Blvd. Fountain Hills, Arizona 85268;

    c.     Francis & Sons Car Wash Glendale, located at 5690 W. Peoria Ave., Glendale, AZ 85304;

    d.     Francis & Sons Car Wash Mesa, located at 5020 E. Main St., Mesa, Arizona 85205;

    e.     Francis & Sons Car Wash Phoenix, located at 4925 N. 51st Ave., Phoenix, Arizona 85031;

    f.     Francis & Sons Car Wash Phoenix, located at 9444 N. 19th Ave., Phoenix, Arizona 85021;

    g.     Francis & Sons Car Wash Phoenix, located at 2480 E. Greenway Pkwy., Phoenix, Arizona 85032;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

h.     Francis & Sons Car Wash Tempe, located at 8830 S. McKemy St., Tempe, Arizona 85284;

i.     Francis & Sons Car Wash Chandler, located at 1266 N. Arizona Ave., Chandler, Arizona 85225;

j.     Francis & Sons Car Wash Gilbert, located at 615 W. Ray Rd., Gilbert, Arizona 85233;

k.     Francis & Sons Car Wash Glendale, located 7221 W. Bell Rd., Glendale, Arizona 85308;

l.     Francis & Sons Car Wash Peoria, located 7934 W. Thunderbird Rd., Peoria, AZ 85381;

m.     Francis & Sons Car Wash Phoenix, located 4720 E. Baseline Rd., Phoenix, Arizona 85042;

n.     Francis & Sons Car Wash Scottsdale, located 11511 E. Via Linda, Scottsdale, Arizona 85259; and

o.     Francis & Sons Car Wash Tempe, located 6505 S. McClintock Dr., Tempe, Arizona 85283;

**INDIVIDUAL AND COLLECTIVE FACTUAL ALLEGATIONS**

91.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92.     Defendants operate a chain of fast casual car washes called "Francis & Sons Car Wash."

93.     At all relevant times, Defendants have employed #1 Store Managers to perform job duties, such as hiring and training employees, ensuring that chemical orders were made, ensuring that equipment functioned properly, opening and closing the car wash, counting money at the beginnings and ends of days, performing customer service, and cleaning at weekly rates of pay for such work performed.

94.     At all relevant times, Defendants have employed #2 Assistant Managers to perform job duties, such as opening the car wash, counting money and balancing drawers, setting and unlocking alarms, overseeing employees, ensuring items are stocked, and handling customer complaints at weekly rates of pay for such work performed.

95.     At all relevant times, Defendants have operated pursuant to a policy and practice of making deductions from Plaintiff's and the Collective Members' compensation for absences or partial day absences occasioned by Defendants, the operating requirements of their business, and/or the unavailability of work when Plaintiff and the Collective Members were ready, willing, and able to work.

96.     For example, at all relevant times, Defendants have operated pursuant to a policy and practice of deducting hours from Plaintiff's and the Collective Members' compensation for time during which a given car wash location closed due to weather-related complications, such as rain.

97.     As a result, Defendants did not pay Plaintiff or the Collective Members on a salary basis in accordance with the FLSA.  *See* 29 C.F.R. § 541.602(a)(2).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

98.     At all relevant times, Defendants have operated pursuant to a policy and practice of making deductions from Plaintiff's and the Collective Members' compensation for partial day absences.

99.     Specifically, for days on which Plaintiff called out for part of the day, Defendants deducted an hourly equivalent in wages from his paycheck.

100.    As a result, Defendants did not pay Plaintiff or the Collective Members on a salary basis in accordance with the FLSA.  *See* 29 C.F.R. § 541.602(b)(1).

101.    During his time working as #1 Store Manager for Defendants, Plaintiff worked primarily at the Francis & Sons Car Wash located at 1266 N. Arizona Ave., Chandler, Arizona 85225.  However, Plaintiff also often performed work at other Francis & Sons Car Wash locations, including 9444 N. 19th Ave., Phoenix, Arizona 85021; 615 W. Ray Rd., Gilbert, Arizona 85233; and 7425 S. Kyrene Rd., Tempe, Arizona 85283, which has since closed.

102.    During his time working as #2 Assistant Managers for Defendants, Plaintiff worked primarily at the Francis & Sons Car Wash located at located at 1266 N. Arizona Ave., Chandler, Arizona 85225.  However, Plaintiff also often performed work at other Francis & Sons Car Wash locations, including 9444 N. 19th Ave., Phoenix, Arizona 85021; 615 W. Ray Rd., Gilbert, Arizona 85233; and 7425 S. Kyrene Rd., Tempe, Arizona 85283, which has since closed.

103.    Al all relevant times, Plaintiff and the Collective Members, collectively, have performed work at the each and every of Defendants' locations.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

104.   At all relevant times, Defendants have employed Plaintiff and the Collective Members to perform work at weekly rates of pay for such work performed.

105.   At all relevant times, Defendants did not pay Plaintiff or the Collective Members one- and one-half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek.

106.   Plaintiff and the Collective Members are and were non-exempt employees.

107.   From the beginning of Plaintiff's and the Collective Members' employment through the present day, Defendants failed to properly compensate Plaintiff and the Collective Members for any of their overtime hours.  During this time, Plaintiff and the Collective Members generally worked between approximately fifty (50) and sixty (60) or more hours per given workweek.

108.   At all relevant times, Plaintiff and the Collective Members were paid exclusively at their regular rate of pay and were never paid overtime for time they worked in excess of 40 hours in a given workweek.

109.   Such conduct on the part of Defendants violated the FLSA, 29 U.S.C. § 207(a).

110.   At all relevant times, Plaintiff and the Collective Members were not paid on a salary basis.

111.   At all relevant times, From the beginning of Plaintiff's and the Collective Members' employment through the present day, Defendants failed to properly compensate them for any of their overtime hours.

112.    Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiffs' and the Collective Members' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

113.    Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

114.    Therefore, in a given workweek, and during each and every workweek of Plaintiff's and the Collective Members' employment with Defendants, Plaintiff and the Collective Members were subject to Defendants' policy and practice of not paying one- and one-half times Plaintiff's and the Collective Members' regular rates of pay for time spent working in excess of 40 hours in a given workweek.

115.    In a given workweek, and during each and every workweek of Plaintiff's and the Collective Members' employment with Defendants, Plaintiff and the Collective Members worked more than 40 hours but were not paid the applicable one and one half times Plaintiff's and the Collective Members' regular rates of pay for time they spent working in excess of 40 hours.

116.    Plaintiff believes and therefore claims that Defendants subjected each and every #2 Assistant Managers and #1 Store Managers that they employed, including Plaintiff and the Collective Members, to their policy and practice of not paying one- and one-half times Plaintiff's and the Collective Members' regular rates of pay.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

117.    Plaintiff and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

118.    Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

119.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and Collective Members' work and wages at all relevant times.

120.    Due to Defendants' illegal wage practices, Plaintiff and the Collective Members are entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

121.    At all times material, Defendants paid Plaintiff and the Collective Members at their regular rates of pay, regardless of whether they worked in excess of 40 hours in a given workweek.

122.    Defendants subjected all of their #2 Assistant Managers and #1 Store Managers, including Plaintiff and the Collective Members, to their policy and practice of not paying their #2 Assistant Managers and #1 Store Managers one- and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

123.    At all times material, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and

common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiff and the Collective Members to their policy and practice of not paying their #2 Assistant Managers and #1 Store Managers one and one half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

124.    Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members.  This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

125.    The Collective Members perform or have performed the same or similar work as Plaintiff.

126.    Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

127.    While Plaintiff and Defendants have described Plaintiff's and the Collective Members' job titles as #2 Assistant Managers and #1 Store Managers, the specific job titles, compensation rates, or precise job responsibilities of each Collective Member does not prevent collective treatment.

128.    All Collective Members, irrespective of their particular job requirements and job titles, are entitled to proper overtime wage compensation for all hours worked in excess of 40 in a given workweek.

129.   Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula.  The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

130.   As such, Plaintiff bring his FLSA overtime wage claim as a collective action on behalf of the following class:

**All current and former individuals employed as #2 Assistant Managers and/or #1 Store Managers (or other positions with similar job titles or job duties), who were paid a salary, weekly, or other similar compensation, and who worked for Defendants three years before the Complaint was filed up to the present.**

131.   Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to Defendants' corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

132.   Defendants are aware or should have been aware that federal law prohibited them from not paying their #2 Assistant Managers and #1 Store Managers–namely, Plaintiff and the Collective Members–an overtime premium wage for time spent working in excess of 40 hours per given workweek.

133.   Defendants' unlawful conduct has been widespread, repeated, and consistent.

134.   This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

135.   Upon information and belief, the individuals similarly situated to Plaintiff include more than one hundred (100) employees currently and/or formerly employed by Defendants, and Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession, custody, or control, but it can be readily ascertained from their employment records and the records of Defendants' payroll processor.

136.   Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendants, via email at the last known email address known to Defendants, and by text message to the last known telephone number known to Defendants.

## **DAMAGES**

137.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

138.   Plaintiff and the Collective Members are entitled to recover overtime compensation for the hours they worked in excess of 40 per given workweek for which they were not paid at the federally mandated one- and one-half times their regular rates of pay.

139.   Plaintiff and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

140.   Plaintiff and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

141.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

142.   At all relevant times, Defendants did not pay Plaintiff or the Collective Members one- and one-half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek.

143.   Defendants engaged in such conduct in direct violation of 29 U.S.C. § 207(a).

144.   As such, unpaid overtime wages for such time Plaintiff and the Collective Members worked in excess of 40 hours per given workweek is owed to Plaintiff and the Collective Members for the entire time they were employed by Defendants.

145.   Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's and the Collective Members' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

146.   Plaintiff and the Collective Members are therefore entitled to compensation for their unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Kevin Curphey, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A.   For the Court to declare and find that the Defendants committed one or more of the following acts:

    i.   violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

    ii.   willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B.   For the Court to award damages in the amounts of all unpaid overtime compensation due and owing to Plaintiff and the Collective Members for time they spent working in excess of 40 hours per given workweek;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.   For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.   For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

F.     For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

G.     Such other relief as this Court deems just and proper.

## REQUEST FOR COLLECTIVE ACTION CERTIFICATION

As to Count I of this Complaint, Plaintiff requests that the Court designate this action as a collective action on behalf of the FLSA Collective Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b).

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 27th day of December, 2019.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*