**GAMMAGE & BURNHAM, PLC**
ATTORNEYS AT LAW
40 NORTH CENTRAL AVENUE
20TH FLOOR
PHOENIX, AZ 85004
TELEPHONE (602) 256-0566
FAX (602) 256-4475

David A. Selden, SBN 007499
dselden@gblaw.com
(602) 256-4490
Julie A. Pace, SBN 014585
jpace@gblaw.com
(602) 256-4488
Heidi Nunn-Gilman, SBN 023971
hnunngilman@gblaw.com
(602) 256-4455
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Curphey, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**FNS Ventures - Gateway, LLC**, an Arizona Limited Liability Company; **F & S Management II, LLC**, an Arizona Limited Liability Company; **FNS Ventures II, LLC**, an Arizona Limited Liability Company; **F & S Management IV, LLC**, an Arizona Limited Liability Company; **Francis & Sons I, LLC**, an Arizona Limited Liability Company; **F & S Management III, LLC**, an Arizona Limited Liability Company; **F & S Oil III, LLC**, an Arizona Limited Liability Company; **F & S Management VI, LLC**, an Arizona Limited Liability Company; **F & S Oil - I, LLC**, an Arizona Limited Liability Company; **F & S Oil V, LLC**, an Arizona Limited Liability Company; **Ehab Francis** and Jane Doe Francis, a Married Couple; and **Hisham Francis** and Jane Doe Francis II, a Married Couple,<br><br>Defendants. | Case No.  CV-19-5904-PHX-JJT<br><br>**RESPONSE TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION** |

49432.101.2317545.1                      1

F & S Management II, LLC, F & S Management III, LLC, F & S Management IV, LLC, F & S Management VI, LLC, F & S Oil - I, LLC, F & S Oil III, LLC, F & S Oil V, LLC, FNS Ventures II, LLC, FNS Ventures - Gateway, LLC, Francis & Sons, I, LLC, Ehab Francis and Hisham Francis ("Defendants") hereby submit their Response to Plaintiff's Motion for Conditional Certification pursuant to 29 U.S.C. § 216(b). Plaintiff Kevin Curphey is not similarly situated to other potential opt-in plaintiffs in the manner required for conditional class certification. Even though the standard for conditional class certification is not substantial, Plaintiff fails to meet the required standards for conditional certification of an FLSA collective action, and his Motion should be denied. Further, if the Court grants conditional certification, Plaintiff's proposed notice and notice procedures are overly broad and should be narrowed.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND SUMMARY OF FACTS.

Plaintiff Kevin Curphey ("Plaintiff") was employed by Defendant F&S Management III, LLC off and on from May 15, 2017 through December 12, 2019. During his employment, he was employed as a ticket writer, Assistant Manager, and Manager at the carwash locations at 1266 N. Arizona Avenue, Chandler, Arizona and at 4720 E. Baseline in Phoenix. [Declaration of Ehab (Jeff) Francis ("Francis Decl."), Exhibit A, ¶ 3]. Mr. Curphey was frequently late or absent from work, often with no notice. The Company separated his employment because he was not reliable and had an excessive number of absences and tardiness. [Francis Decl., Exh. A, ¶ 4].

Purported opt-in Plaintiff Luciano Azevedo was employed by Defendant F&S Management III, LLC, from November 26, 2017 through March 28, 2019, when he resigned his employment. He was employed as a Manager first at the location at 1266 N. Arizona Avenue, Chandler. Arizona, and then transferred to 4720 E. Baseline in Phoenix. [Francis Decl., Exh. A, ¶ 5].

Purported Opt-In Plaintiff Alyssa Bastidos was employed by Defendant F&S Management III, LLC from December 17, 2018 through July 25, 2019, as an attendant, then

an Assistant Manager, then a Manager, all at the location at 4720 E. Baseline Road in Phoenix. [Francis Decl., Exh. A, ¶ 6].

Purported Opt-In Plaintiff Kenneth Ragan was employed by Defendant F&S Management III, LLC, from December 18, 2017, through October 25, 2018 as an attendant at the location at 1266 N. Arizona Avenue in Chandler, then transferred as an Assistant Manager to the location at 4720 E. Baseline Road in Phoenix. [Francis Decl., Exh. A, ¶ 7].

Purported Opt-In Plaintiff Lucio Silvas[1] was employed by F&S Management III, LLC, from April 27, 2018 through March 20, 2019, first as an attendant and then as an Assistant Manager at the location at 4720 E. Baseline Road in Phoenix, then transferred for approximately two months before being terminated due to being arrested for a DUI and hit and run while on the car wash premises, resulting in the facility not being opened on time. [Francis Decl., Exh. A, ¶ 8].

During the time periods that the above Plaintiffs worked as an Assistant Manager or Manager, Plaintiffs were all paid on a salary basis, as they were properly classified as salaried exempt managers pursuant to 29 C.F.R. Part 541, subpart B, based on the job duties that Plaintiff admits he performed, including but not limited to, opening and closing the car wash location, setting and unlocking alarms, overseeing employees, counting and balancing drawers, etc. [Complaint, Dkt. # 1, ¶¶ 17, 21] and duties verified by Defendants' current managers, such as being responsible for the overall production and operations of the car wash, hiring, training and onboarding employees, disciplining and counseling employees, etc. [Exhibit I to Plaintiff's Motion for Conditional Certification, Dkt. # 68-9]. Any salary deductions that were made were either permitted by the FLSA regulations, 29 C.F.R. § 541.602), or were intermittent and not the result of an actual practice or policy of making deductions from the salary of salaried exempt employees.

---

[1] Purported opt-in Plaintiffs Azevedo, Bastidos, Ragan, and Silvas are referred to collectively as the "Purported Opt-In Plaintiffs." Plaintiff Kevin Curphey and the Purported Opt-In Plaintiffs are sometimes referred to collectively as "Plaintiffs."

49432.101.2317545.1                                 3

## II. PLAINTIFF HAS NOT ESTABLISHED SUFFICIENT NEXUS BETWEEN ALL NAMED DEFENDANTS TO ESTABLISH JOINT EMPLOYMENT

Plaintiffs' Motion for Conditional Certification argues that all Defendants are joint employers under the FLSA and controlled by the same individual, Ehab Francis. [*Motion for Conditional Certification,* Dkt # 68, p. 6, ll. 18-22]. Defendants object to the joint employment status relating to Hisham Francis and to any Defendant entities to which Plaintiff has not alleged that he provided services.

### A. Plaintiffs Have the Burden to Establish Joint Employment.

Plaintiffs have the burden to prove joint employment. *See, e.g., Martinez-Mendoza v. Champion Intern. Corp.*, 340 F.3d 1200, 1209 (11th Cir. 2003) ("Because the laborer has the burden of proof, to prevail he must establish the joint-employment inference by a preponderance of the evidence."). Although at the conditional certification stage the Court is not deciding the facts of the case, Plaintiff has to present some evidence to support the grant of conditional collective certification. "Although the standard for conditional certification at the notice stage is lenient, there is a standard." *Heath v. Google Inc.*, 215 F. Supp. 3d 844, 856 (N. D. Cal. 2016).

### B. Entities to which Plaintiff Has Not Provided Services Should Not Be Considered Joint Employers.

Plaintiff and Purported Opt-in Plaintiffs allege that they worked at the Francis & Sons Car Wash locations at:

  (1)   4720 E. Baseline (owned by F&S Management III, LLC);
  (2)   1266 N. Arizona Avenue (owned by F&S Management III, LLC);
  (3)   4925 N. 51st Avenue (owned by F&S Management IV, LLC);
  (4)   615 W. Ray Road (owned by F&S Oil III, LLC);
  (5)   Kyrene Road (F&S Management IV, LLC, now closed).

[*Motion for Conditional Certification* Dkt. # 68,j pp. 3-5, Exhibit H]. Therefore, Plaintiffs provided services to only the following three legal entities named in the Complaint.

  1)   F&S Management III, LLC

  2)  F&S Management IV, LLC
  3)  F&S Oil III, LLC.

Under the Fair Labor Standards Act:

> If an individual is working for more than one company at a time, it is necessary to determine whether the individual's employers should be treated separately or jointly for purposes of determining the employer's responsibility under the FLSA.

*Chao v. A-One Med. Servs. Inc.*, 346 F.3d 908, 916-17 (9th Cir. 2003). Where the employers are not "completely disassociated" with respect to the individual's employment, joint employment may be found.

Plaintiff and Purported Opt-In Plaintiffs do not allege to have ever provided services for the following entities improperly named as Defendants:

  1)  F & S Management II, LLC;

  2)  F & S Management VI, LLC;

  3)  F & S Oil - I, LLC

  4)  F & S Oil V, LLC (which is a payroll company);

  5)  FNS Ventures II, LLC;

  6)  FNS Ventures - Gateway, LLC; or

  7)  Francis & Sons, I, LLC.

Plaintiff's Motion for Conditional Certification [Dkt # 68] alleges that he worked for more than one entity, but it does not allege that he worked for all of the Defendants named in the Complaint. F&S Management II, LLC, and the other LLCs for which Plaintiff never performed work, could not be liable for wages to Plaintiff, as he was never employed by and never provided services at any of the car wash locations owned by F&S Management II, LLC; F & S Management VI, LLC; F & S Oil - I, LLC; F & S Oil V, LLC (which is a payroll company); FNS Ventures II, LLC; FNS Ventures - Gateway, LLC; or Francis & Sons, I, LLC. Therefore, those entities are not joint employers of Plaintiff or any Purported Opt-In Plaintiffs and collective certification that includes these entities is not proper.

### C. There Is No Support for Hisham Francis to Be Considered a Joint Employer.

There are ten entities and two individuals named as Defendants. Plaintiffs allege that all Defendants are joint employers, but have failed to identify how Hisham Francis, who is a part owner of just one of the ten entities named as a Defendant, is a joint employer under the FLSA. In Plaintiff's Motion for Conditional Certification and accompanying affidavits, Hisham Francis is not mentioned at all. Hisham Francis is a part owner of FNS Ventures II, LLC. FNS Ventures II, LLC owns and operates the Francis & Sons Car Wash at 5020 E. Main Street in Mesa, Arizona. Neither Plaintiff nor any of the Purported Opt-In Plaintiffs state that they have ever worked at the Francis & Sons Car Wash on Main Street in Mesa. There is no evidence that Hisham Francis was a joint employer or properly named in a collective action.

Further, Plaintiffs allege in their Motion for Conditional Certification [Dkt #68] to have worked or filled in at only six of the eleven (11) locations owned by Defendants (51st Avenue, Baseline, Arizona Avenue, 19th Avenue, Ray Road, Kyrene Road). None of the Plaintiffs alleges having worked at the location at 5020 Main Street in Mesa, which is the only location in which Hisham Francis has any ownership interest. Plaintiff has not made any showing that Hisham Francis is a joint employer with other Defendants or that conditional certification is appropriate against Hisham Francis, and therefore Plaintiff's Motion should be denied as to Hisham Francis.

## III. PLAINTIFF HAS NOT MET THE STANDARDS FOR CONDITIONAL CERTIFICATION.

### A. Applicable Legal Standards.

Courts generally follow a two-step procedure for determining whether an action should proceed as an FLSA collective action. *See, e.g., Velasquez v. HSBC Fin. Corp.*, 266 F.R.D. 424, 427 (N.D. Cal. 2010); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). First, at the "initial notice" stage, before discovery has occurred, the Court will determine whether the prospective plaintiffs are sufficiently similarly situated to

conditionally certify the collective action and whether and what notice of the lawsuit should be given to putative class members. At this stage, a plaintiff must show that the proposed collective action members are "victims of a single decision, policy, or plan." *Velasquez*, 266 F.R.D. at 427. A plaintiff must establish a "factual nexus" between the named plaintiff and the potential class members. *Harrison v. McDonald's Corp.,* 411 F.Supp.2d 862, 868 (S.D. Ohio 2005). The plaintiff bears the burden of showing that plaintiff and the proposed collective active members are "similarly situated." *Heath v. Google Inc.*, 215 F. Supp. 3d 844, 850 (N. D. Cal. 2016).

The second stage of the procedure occurs after discovery is complete, when "the defendant may file a motion to decertify the collective action if appropriate to do so based on the individualized nature of the plaintiff's claims." *Comer*, 454 F.3d at 546. The second determination applies a higher standard to determining if the plaintiff and collective members are similarly situated. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001).

"Although the standard for conditional certification at the notice stage is lenient, there is a standard." *Heath*, 215 F. Supp. 3d at 856. Courts deny conditional certification "where the plaintiffs did not satisfy their burden of establishing that a similarly situated class existed or that they were subjected to a common policy or plan . . . ." *Id.* (citing cases in which conditional certification was denied).

**B.  Plaintiff Fails to Produce a Policy Applicable to All #1 Managers and #2 Assistant Managers.**

Plaintiff asserts that he and others were not paid on a salary basis because Defendant made deductions from pay for rain days or other personal absences. An employee is not properly categorized as exempt if that employee is "subject to reduction [in salary] because of variations in the quality or quantity of the work performed." *O'Donnell v. Robert Half Intern. Inc.*, 534 F. Supp. 2d 173, 180-181 (D. Mass. 2008) (quoting 29 C.F.R. § 541.602(a); *Auer v. Robbins,* 519 U.S. 452, 455–57, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997). To find an employee is not paid on a salary basis, there must be "either an actual practice of making

[impermissible] deductions or an employment policy that creates a 'significant likelihood' of such deductions," which "requires a clear and particularized policy—one which 'effectively communicates' that deductions will be made in specified circumstances." *Id.*  Similar to *O'Donnell v. Robert Half International Inc.*, in which the court denied certification in part because the Plaintiff has not identified a clear and particularized policy that applies at all Defendants' locations, as required for collective certification.  *See e.g., O'Donnell v. Robert Half Intern. Inc.*, 534 F. Supp. 2d 173 (D. Mass. 2008) (denying certification in part because named plaintiffs failed demonstrate a common policy).  Plaintiff has not presented any written policies with its motion.

Although Plaintiff and Purported Opt-In Plaintiffs aver that Defendants made deductions for partial day absences relating to Plaintiffs, they have not identified an actual practice of deductions that is more than occasional or isolated.

> It is not sufficient for plaintiffs simply to allege that a "single decision, policy, or plan," has injured all members of the putative class; instead 'plaintiffs must show that there is some factual basis beyond the mere averments in their complaint for the class allegations."

*Baltazar v. U.S. Airways Group, Inc.*, 2013 WL 4654567, *1 (D. Ariz. Aug. 30, 2013).  Plaintiffs have not provided evidence of a single policy by all Defendants that has injured all potential opt-in plaintiffs, many of whom work at locations where none of the Plaintiffs ever worked.  Plaintiff has failed to meet the standard for conditional certification.

Plaintiffs also suggest that the managers are similarly situated because they have the same job duties, and provide declarations from Francis & Sons managers discussing their job duties.  [Motion for Conditional Certification, Exh. I, Dkt #68-9].  The issue in this matter, however, is not the job duties, but rather the alleged deductions from pay.  Therefore, the fact that managers have the same job duties does not support conditional collective action certification.

/ / /

/ / /

### C. Managers Employed after January 1, 2020 Are Hourly and Not Similarly Situated to Plaintiff.

On January 1, 2020, due to the increase in the minimum salary level for exempt employees, Defendants changed all managers and assistant managers to hourly employees with overtime compensation if they worked over 40 hours per week. [Francis Decl., Exhibit A, ¶ 10]. Because the managers who were employed on or after January 1, 2020, are hourly employees, rather than being paid a weekly rate, managers hired after January 1, 2020, not similarly situated to the proposed class of managers or assistant managers who were classified as salaried exempt. Managers hired after January 1, 2020, should not be included in the proposed class.

## IV. NOTICES, IF ORDERED, SHOULD BE MODIFIED.

### A. The Collective Action Should be Limited to Managers and Assistant Managers Employed between December 27, 2017 and December 31, 2019.

#### 1. The Notice Should Not Be Sent to Managers Hired After January 1, 2020.

As explained above, managers employed after January 1, 2020, have been paid on an hourly basis, not a salaried basis. There is no justification for them to be included in an FLSA collective action that is based on allegations of deductions from salary. The managers hired after January 1, 2020, should not be sent a Notice of Collective Action that does not apply to them.

#### 2. The Notice Should be Based on a Two-Year Period, Not Three Years for Willful Violations.

If the Court authorizes the issuance of notices, the notices should be limited to #1 Managers and #2 Assistant Managers employed during the two-year period prior to the date of the notice. Any action for recovery of unpaid minimum wages must be commenced within two years after the cause of action accrued, except that claims for willful violations of the minimum wage provisions of the FLSA, which must be commenced within three years after the claims accrued. 29 U.S.C. § 255(a). To apply the three-year statute of limitations, the employee must establish that the employer knew or showed reckless disregard as to

whether its conduct was prohibited by the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S. Ct. 1677 (1988).

Willfulness requires more than the employer having an awareness that the FLSA was "in the picture." *Id.* at 132–33, 108 S. Ct. at 1681. While the word "willful" is used extensively in the law, and does not have "a perfectly consistent interpretation, it is generally understood to refer to conduct that is not merely negligent." *Id.* at 133, 108 S. Ct. at 1681. Therefore, a showing of willfulness is satisfied when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute[.]" *Id.* Furthermore, it is important to note that by adopting a two-tiered statute of limitations, Congress "intended to draw a significant distinction between ordinary violations and willful violations." *Id.* at 132, 108 S.Ct. at 1681.

To the extent that any violations occurred, they were inadvertent and unknowing. Defendants did not know or show reckless disregard for whether its conduct was prohibited by the Fair Labor Standards Act. Plaintiffs have not met their burden to establish that a collective action covering those employed during a three-year period is appropriate.

**B.     Any Notices Provided Should Be Sent to a Class of Employees Based on a Statute Period Counted Back from the Date of Notice, Not the Complaint.**

Plaintiff requests notice be sent to all #1 Managers and #2 Assistant Managers who were employed from December 27, 2016, through the date of the Order. Under the FLSA, however, as Plaintiff acknowledges, the statute of limitations for each collective action member runs from that date that they join the action.

> in the case of a collective or class action instituted under the Fair Labor Standards Act . . . it shall be considered to be commenced in the case of any individuals claimant . . . on the subsequent date on which such written consent is filed in the court in which the action was commenced.").

29 U.S.C. § 256(b). Therefore, even assuming a 3-year statute of limitations, which Defendants dispute, any manager who was employed between December 27, 2016 and a date more than three-years prior to the date of Notice, would not be eligible to join the action.

The Notice, if sent, should cover only the #1 Managers and #2 Assistant Managers who were employed within the statute of limitations period dating back from the date of the Notice.

Further, Defendants should not be required to produce information relating to employees who are statutorily prohibited from joining the lawsuit. Therefore, if the Court orders a Notice and requires Defendants to produce information, the information should include only the #1 Managers and #2 Assistant Managers who worked for Defendants from a date two years (or three years) prior to the date of the Court's Order through December 31, 2019, when the managers were transitioned to hourly pay.

### C. Notice by Email and Mail is Sufficient.

Plaintiff requests the Court to order Notice to be sent by mail and email and to require that Defendants post a notice in the workplace and include the notice in paychecks of Defendants' current workers. [Motion for Conditional Certification, Dkt. # 68, p. 16, ll. 1-5]. Notice by email and mail, however, is sufficient to provide notice to potential class members. Further, because Defendants' current managers and assistant managers are paid on an hourly basis with overtime and are appropriately excluded from the potential class, posting a notice at the workplace and including a notice in paychecks would be intrusive and cause confusion among workers, as claims at issue do not pertain to current payroll practices and all managers hired after January 1, 2020, would not be eligible to join the collective action. The Notice should be mailed or emailed only to those to whom it applies.

### D. The Notice, If Ordered, Must be Modified in its Content.

In addition to other modifications discussed above, Defendants request that the notice, if ordered, be modified as follows:

Paragraph #2 remove "This Notice has been authorized by the United States District Court for the District of Arizona" and bold "The Court has taken no position on the merits of this case." The statement that the Court has authorized the notice may confuse recipients into thinking that the Court has taken a position on the lawsuit.

Paragraph # 3, as discussed above, should be limited to December 27, 2017 through December 31, 2019.

In Paragraph # 9, the Notice should not include the contact information for Plaintiff's counsel. In *Baltazar v. U.S. Airways Group*, the Court ordered a section removed because it could be construed as suggesting that potential plaintiffs should call plaintiff's counsel. *Baltazar v. U.S. Airways Group, Inc.*, 2013 WL 4654567, *9 (D. Ariz. Aug. 30, 2013) (citing *Wertheim v. State of AZ,* 1993 WL 603552, at *6 (D.Ariz. Sept. 30, 1993) (directing plaintiff in FLSA putative collective action to omit the last paragraph of the notice about contacting plaintiff's law firm for more information)).

Alternatively, Defendants request that Defense counsel's contact information be added to the Notice. *See Bados Madrid v. Peak Construction*, 2009 WL 2983193, * 3 (D. Ariz. Sept. 17, 2009) (45-day opt-in period);

Paragraph # 9 add at the end, "You may be responsible for Defendants' costs and/or attorney's fees if Defendants prevail in this matter." For employees to understand the full implications of joining the lawsuit, they should understand that they may be required to pay costs and fees if Defendants prevail.

### E. The Opt-In Period Should Be Limited to 45 Days.

Plaintiff has requested a 90-day opt-in period. A 90-day period is excessively long and serves no purpose other than to delay the proceedings. Most courts grant between 45 and 60 days for prospective members to opt-in. *See e.g., Baltazar,* 2013 WL 4654567, *9 (finding 90-day period overly long and ordering a 60-day period running from the date of the notice). *Taylor v. Autozone, Inc.*, 2011 WL 2038514, at * 6 (D. Ariz. May 24, 2011) ("we also agree with defendant that a sixty-day opt-in period is sufficient."); *Bados Madrid,* 2009 WL 2983193, at * 3 (45-day opt-in period);

Defendants request that the Court order a 45-day opt-in period beginning on the date that the Notice is first mailed or emailed.

### F. Defendants Should Not Be Required to Provide Telephone Numbers, Employee Identification Numbers, and SSN.

Defendants object to Plaintiff's request that Defendants be ordered to provide a telephone number, employee identification number, and the last four digits of the Social

Security number. Employees and former employees have an interest in their privacy and confidentiality. Other courts have refused to require employers to provide telephone numbers and social security numbers, in order to protect potential class members' privacy. *Taylor*, 2011 WL 2038514, * 5; *Stickle v. SCI Western Mkt. Support Ctr., L.P.* (2009 WL 3241790 (D. Ariz. Sept. 30, 2009).

Employee identification numbers should not be required, as those are Defendants' internal identifiers and will not assist Plaintiff to locate potential class members.

## V. CONCLUSION.

Mr. Curphey is not similarly situated as required for a collective action certification. Further, Hisham Francis and the entities that Plaintiff has not worked for or provided services for are not an employer or joint employer under the Fair Labor Standards Act. Hisham Francis should not be part of a collective action involving nine (9) entities that he does not own or operate and only one entity in which he has an ownership interest, and collective certification is inappropriate for the legal entities for which Plaintiff did not provide services. For the reasons set forth above, the Court should deny Plaintiff's Motion for Conditional Certification. Further, if the Court grants conditional certification, it should modify the Notice to employees to make it more accurate and representative of the facts.

DATED this 13th day of July, 2020.

**GAMMAGE & BURNHAM, PLC**

By: *s/ David A. Selden*
    David A. Selden
    Julie A. Pace
    Heidi Nunn-Gillman
    *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

    I hereby certify that on this 13th day of July, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clifford P. Bendau, II
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ  85060
cliffordbendau@bendaulaw.com
chris@bendaulaw.com
*Attorneys for Plaintiff*

       *s/ Lauri Andrisani*

49432.101.2317545.1

14

# EXHIBIT A

## **DECLARATION OF EHAB (JEFF) FRANCIS**

Ehab (Jeff) Francis, hereby declares under penalty of perjury that the following is true and correct.

1. I am a resident of Maricopa County, Arizona, am over the age of 18 years, and I have personal knowledge of the matters set forth in this Declaration or have such knowledge as a result of having reviewed business records of the entities referenced in this declaration.

2. I am a member of F&S Management III, LLC.

3. Kevin Curphey was employed by Defendant F&S Management III, LLC off and on from May 15, 2017 through December 12, 2019. During his employment, he was employed as a ticket writer, Assistant Manager, and Manager at the carwash locations at 1266 N. Arizona Avenue, Chandler, Arizona and at 4720 E. Baseline in Phoenix.

4. Mr. Curphey was frequently late or absent from work, often with no notice. The Company separated his employment because he was not reliable and had an excessive number of absences and tardiness.

5. Luciano Azevedo was employed by Defendant F&S Management III, LLC, from November 26, 2017 through March 28, 2019 when he resigned his employment. He was employed as a Manager first at the location at 1266 N. Arizona Avenue, Chandler, Arizona, and then transferred to 4720 E. Baseline in Phoenix.

6. Alyssa Bastidos was employed by Defendant F&S Management III, LLC from December 17, 2018 through July 25, 2019, as an attendant, then an Assistant Manager, then a Manager, all at the location at 4720 E. Baseline Road in Phoenix.

7. Kenneth Ragan was employed by Defendant F&S Management III, LLC, from December 18, 2017, through October 25, 2018 as an attendant at the location at 1266 N. Arizona Avenue in Chandler, then transferred as an Assistant Manager to the location at 4720 E. Baseline Road in Phoenix.

8. Lucio Silvas was employed by F&S Management III, LLC, from April 27, 2018 through March 20, 2019, first as an attendant and then as an Assistant Manager at the location at 4720 E. Baseline Road in Phoenix, then transferred for approximately two months before being terminated due to being arrested for a DUI and hit and run while on the car wash premises, resulting in the facility not being opened on time.

9. Plaintiffs while employed as an Assistant Manager or Manager were paid on a salary basis.

49432.101.2323277.2

10.     On January 1, 2020, due to the increase in the minimum salary level under the Fair Labor Standards Act, #1 Managers and #2 Assistant Managers were transitioned from salaried employees to hourly non-exempt employees, and they are paid overtime for all hours worked in excess of 40 hours per week.

DATED this 13th day of July, 2020.

_____
EHAB (JEFF) FRANCIS