**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Curphey, | No. CV-19-05904-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| F&S Management I LLC, *et al.*, | |
| Defendants. | |

At issue is Plaintiff's Motion for Conditional Certification (Doc. 68, Mot.), to which Defendants FNS Ventures – Gateway LLC, F & S Management II LLC, FNS Ventures II LLC, F & S Management IV LLC, Francis & Sons I LLC, F & S Management III LLC, F & S Oil III LLC, F & S Management VI LLC, F & S Oil I LLC, F & S Oil V LLC[1], Ehab Francis and Jane Doe Francis, Hisham Francis and Jane Doe Francis II filed a Response (Doc. 71, Resp.) and Plaintiff filed a Reply (Doc. 72, Reply). For the reasons that follow, the Court grants in part and denies in part Plaintiff's Motion.

**I.    BACKGROUND**

Plaintiff Kevin Curphey worked first as a #2 Assistant Manager and later as a #1 Manager at several Francis & Sons Car Wash locations in Arizona. Defendant entities each own one or more of the 12 car washes located across the Phoenix metro area. Plaintiff alleges that Defendants are joint employers because "Ehab Francis owns and operates each of the Defendant entities." (Mot. at 6, Ex. H.)

---

[1] These ten Defendants are different owners of the Francis & Sons Car Wash locations throughout Phoenix, collectively "Defendant entities."

Plaintiff brings a single-count lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and seeks to conditionally certify a collective action pursuant to § 216(b) of the Act. Plaintiff alleges that Defendants misclassified him and other #1 Managers and #2 Assistant Managers as overtime exempt under the FLSA's executive exemption. (Mot. at 14.) More specifically, Plaintiff contends that Defendants violated the exemption standard by following a "policy and practice of deducting his pay for partial-day absences." (Mot. at 10.) Thus, although Plaintiff was paid a weekly salary, Plaintiff claims Defendants failed to follow the salary basis test under 29 C.F.R. § 541.602. (Mot. at 14.)

In support of his Motion, Plaintiff submits his own declaration and declarations of four additional weekly salary #1 Manager and #2 Assistant Manager employees—Luciano Azevedo, Alyssa Bastidos, Kenneth Ragan, and Lucio Silvas (the "Opt-ins")—all attesting that their pay was improperly deducted for partial-day absences and they were not paid one and one-half times their regular pay rate for time worked in excess of 40 hours in a given workweek. (Mot. Exs. A–E.) Plaintiff seeks to conditionally certify classes of individuals who have worked or are working for Defendants as #1 Managers or #2 Assistant Mangers (or in other positions with similar job titles or job duties) and were paid a weekly rate of pay.

## II.     LEGAL STANDARD

An FLSA action "may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The decision to certify a collective action under the FLSA is within the discretion of the Court. *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010). To certify a collective action under the FLSA, the Court must determine whether named Plaintiff and potential opt-in members are "similarly situated." 29 U.S.C. § 216(b). The FLSA does not define the term "similarly situated," and the Ninth Circuit Court of Appeals has not construed the term. *Colson*, 687 F. Supp. 2d at 925.

The majority of courts, including this one, have adopted the two-tiered approach to seeking class certification. *See, e.g., Bogor v. Am. Pony Exp., Inc.*, No. 09–2260–PHX–JAT, 2010 WL 1962465, at *2 (D. Ariz. May 17, 2010). First, and at issue here, is the "notice stage," during which courts determine based on pleadings and affidavits whether a collective action should be certified on a conditional basis. *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002); see also *Baughman v. Roadrunner Commc'ns LLC*, No. CV 12-565-PHX-SRB, 2012 WL 12937133, at *3 (D. Ariz. Sept. 27, 2012).

Conditional certification at this first stage requires a plaintiff to make "substantial allegations that the putative class members [are] subject to a single illegal policy, plan, or decision." *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). Because of the minimal evidence available to the Court at the pleading stage, the initial determination to certify is "based on a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Wynn*, 234 F. Supp. 2d at 1082. The evidence must only show that there is some "factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice." *Colson*, 687 F. Supp. 2d at 926. But while Plaintiff's burden is light, conditional certification at this first stage is not automatic. *Id*. at 925. If Plaintiff meets its burden and the Court grants conditional certification, a court-approved written notice is sent to the employees, who in turn become parties to a collective action only by filing written consent with the court. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013).

At the second stage, after discovery and typically precipitated by a motion for decertification by the defendant, the court reevaluates whether the claimants who have consented to sue are indeed "similarly situated." *Wynn*, 234 F. Supp. 2d at 1082. This analysis, which is based on much more information, is subject to a stricter standard. *Id.*

## III.  ANALYSIS

### A.  Joint Employers

The Court first addresses Plaintiff's argument that Defendants are joint employers under the FLSA. "If an individual is working for more than one company at a time, it is

necessary to determine whether the individual's employers should be treated separately or jointly for purposes of determining the employers' responsibilities under the FLSA." *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 916–17 (9th Cir. 2003). The regulations provide:

> Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as . . . [w]here the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 791.2(b). Succinctly, "joint employment will generally be considered to exist when 1) the employers are not 'completely disassociated' with respect to the employment of the individuals and 2) where one employer is controlled by another or the employers are under common control." *Chao*, 346 F.3d at 918.

For the purposes of conditional certification, Plaintiff has submitted sufficient evidence demonstrating the different car wash locations are under common control and operated as joint employers under the FLSA. "Ehab (Jeff) Francis" is listed as a member of each of the 10 Defendant entities. (Mot. Ex. H.) Through their declarations, Plaintiff and Opt-ins aver that it was common knowledge within the company that Ehab Francis was the owner of multiple Francis & Sons Car Wash locations. (Mot. Ex. A ¶ 16.) Moreover, Defendant entities' car wash locations are all advertised on a single website. (Mot. at 8.)

Plaintiff has also demonstrated the different locations are not completely disassociated with respect to the employment of Plaintiff and the Opt-ins. Plaintiff alleges that Defendants engaged in the regular practice of sharing employees, both salary and hourly, between locations. (Mot. at 9.) Four of the five employees' declarations state that they worked at more than one Francis & Sons Car Wash location as either a #1 Manager or #2 Assistant Manager.[2] Over the course of employment, Plaintiff worked at six

---

[2] Opt-in Bastidos declared that she only worked at the Baseline location but an employee from another location regularly covered her shifts without submitting new applications or employment paperwork. Her job duties also included "picking up supplies from other Francis & Sons Car Wash locations." (Mot. Ex. C.)

- 4 -

locations[3]; and Azevedo, Ragan and Silvas at two. Yet, each filled out only one job application and interviewed at only one location. Additionally, Defendant entities all share the same payroll company, Defendant F & S Oil V LLC. (Resp. at 5; Reply at 6; Mot. Ex. F.)

Defendants' Response objects to the joint employment status relating to Hisham Francis and the car wash locations at which Plaintiff did not allege to have worked. However, Plaintiff stated that he completed his job application, interview, and pre-employment paperwork at the Francis & Sons Car Wash located in Mesa. (Mot. Ex. A. at 3 ¶ 26.) Hisham and Ehab are the sole members of F & S Ventures II LLC, the listed owner of the Mesa location. (Mot. Ex. H.) Moreover, Ehab is listed as the member for all Defendant entities. (Mot. Ex. H.) Therefore, Defendant entities are commonly controlled by Ehab. Accordingly, the Court finds Defendants are joint employers for the purposes of conditional certification.

The fact that Plaintiff did not submit paystubs or declarations showing he or the Opt-ins worked at some of the Francis & Sons Car Wash locations owned by Defendant entities is not fatal. At the first step of class certification, Plaintiffs are held to a lesser standard because discovery has not yet taken place. *See Marino v. CACafe, Inc.*, 2017 WL 5713390, at *4 (N.D. Cal. Nov. 9, 2017) (explaining that there is a "low threshold" for finding a joint employment relationship at the conditional certification stage); *Chiang v. Thai Chili 2 Go LLC*, No. CV-19-04801-PHX-JJT, 2020 WL 4514933, at *3 (D. Ariz. Feb. 18, 2020).

Once discovery is complete, Defendants may file a motion to decertify the class and petition the Court to find Defendants who Plaintiff did not allege to work for completely disassociated. Alternatively, Defendants may move for summary judgment on the joint employment issue. But, at this stage, prior to the completion of discovery, Plaintiffs have alleged sufficient facts and proffered sufficient evidence to illustrate a joint employment relationship for the purposes of conditional certification.

---

[3] Plaintiff attests in his Complaint and Declaration that he worked at six different locations but completed initial employment paperwork at the Mesa location.

**B.    Weekly Salary Employees—Common Policy of Denying Overtime**

Plaintiff seeks to conditionally certify the following classes of individuals:

> All current and former individuals employed as #1 Managers and/or #2 Assistant Managers (or in other positions with similar job titles or job duties), who were paid a weekly rate of pay, and who worked for any of Defendants' Francis & Sons Car Wash location three years before the Complaint was filed up to the present.

(Mot. at 11.)

Defendants do not dispute that all #1 Managers and #2 Assistant Managers at Francis & Sons Car Wash were paid a weekly salary rate of pay prior to January 1, 2020. (Resp. at 9 ¶¶ 22–23.) However, Plaintiff alleges that weekly salary employees were subject to Defendants' policy and practice of making deductions from compensation for partial day absences. (Mot. at 10–11.) Therefore, Plaintiff argues, Defendants misclassified Plaintiff as overtime exempt under the FLSA's executive exemption. Despite the misclassification of overtime exempt, Defendants required Plaintiff and Opt-ins to work in excess of 40 hours without providing additional pay for overtime. (Mot. at 14.) Additionally, Plaintiff and Opt-Ins have expressed that they have personal knowledge of other #1 Managers and #2 Assistant Managers who worked for Defendants and were "treated in an identical or substantially similar manner." (Mot. at 10.)

Defendants contend that "Plaintiff has not presented any written policies with its motion." (Resp. at 8.) However, Plaintiff's allegations and evidence that he and other employees received partial day compensation deductions but were denied overtime pay at multiple car wash locations are sufficient to illustrate such a common policy at the first stage of class certification. Defendants will have the opportunity to challenge Plaintiff's evidence when discovery is complete, but at the conditional certification stage, Plaintiff's allegations and declarations are sufficient. *See Wynn*, 234 F. Supp. 2d at 1082.

Defendants rely on *O'Donnell v. Robert Half Inter. Inc.*, 534 F. Supp. 2d 173 (D. Mass. 2008), in which the court denied certification in part because the plaintiff did not identify a clear and particularized policy. (Resp. at 8.) *O'Donnell*, however, was addressing

- 6 -

certification at step two—after discovery.[4] Here, Plaintiff meets the requirements for the initial stage of class certification with his assertion that Defendants had a policy and practice of deducting pay for partial-day absences. From the substantial allegations before the Court, it is reasonable to infer that Ehab, Hisham, and Defendant entities utilized the complained-of practice throughout all twelve locations and that employees are "victims of a single decision, policy, or plan." *See Colson*, 687 F. Supp. 2d at 925; *Leuthold*, 224 F.R.D. at 468.

In light of the lenient standard at the first stage of certification, the Court grants conditional certification for weekly salary #1 Managers and #2 Assistant Managers at the twelve locations: Avondale, Peoria Avenue, Mesa, 51st Avenue, Greenway, 19th Avenue, Arizona Avenue, Ray Road, Bell Road, Thunderbird, Baseline, and Kyrene Road.[5]

### C. Notice Date and Statutory Period

As a preliminary matter, both parties have stipulated to exclude from the Notice #1 Managers and #2 Assistant Managers hired after January 1, 2020. Plaintiff must amend the proposed Notice (Mot. Ex. J.) to align with this stipulation. Defendants, however, object to the statutory period for the Notice. Under 29 U.S.C. § 255(a), Plaintiff argues that the three-year statute of limitation period is appropriate because Defendants willfully violated the FLSA. (Reply at 6.) Defendants contend their actions were "inadvertent and unknowing," and thus seek to limit the statutory period to two years. (Resp. at 10.)

> As previously decided in this District:
> The Court believes it better to be overly inclusive at the notice stage. But the Court's decision to give notice for the three-year time period does not indicate a finding on willfulness. Defendant may move for summary judgment on an opt-in plaintiff's claim on statute of limitations grounds if appropriate.

*Rose v. Wildflower Bread Co.*, No. CV 09-1348-PHX-JAT, 2010 WL 1781011, at *12 (D. Ariz. May 4, 2010), *reversed on other grounds*. The Court, therefore, orders the Notice be

---

[4] Defendants also cite to "*Baltazar v. U.S. Airways Group, Inc.*, 2013 WL 4654567, *1 (D. Ariz. Aug. 30, 2013)." (Resp. at 8.) But that citation takes the Court to a case called *Barrera*, not *Baltazar*, and the quotation Defendants provide is not found in the cited case.

[5] The allegations in the Complaint and Motion do not specify who owns the Francis & Sons Car Wash located on Kyrene Road; however, Plaintiff claims to have worked there.

- 7 -

sent to all #1 Managers and #2 Assistant Mangers who were employed anytime between three years prior to the filing of the Complaint through and including December 31, 2019.

### D. Method of Providing Notice

Plaintiff is willing to stipulate to a 60-day opt-in period rather than the 90-day period initially proposed. Both parties have stipulated to limit the form of notice to mail and email. The Court thus orders a 60-day opt-in period and a reminder notice halfway through the opt-in period.

### E. Employee Information

Plaintiff requested that Defendants produce a list of all #1 Managers and #2 Assistant Managers who worked for Defendants between December 27, 2016 and the Complaint, including their: (1) name, (2) mailing address, (3) email address, (4) telephone number, (5) employee identification number, if any, (6) last four of their social security number, and (7) dates of employment.

Defendants have three objections to Plaintiff's requests. In the interest of the employees' and former employees' privacy, Defendants object to providing a telephone number and social security number for each employee. Additionally, Defendants object to providing an employee identification number because it is an internal identifier and will not assist Plaintiff to locate potential class members.

Plaintiff agrees to not seek telephone numbers or employee identification numbers. Plaintiff, however, maintains his request for the last four digits of each employee's social security numbers to confirm the opt-ins' identities. The Court will not ask Defendants to violate their employees' informational privacy unnecessarily. Defendants are not required to produce the last four digits of employees' social security number.

### F. Notice—Modified in Content

Defendants request four notable[6] modifications to the proposed Notice. First, Defendants request that Defense counsel's contact information be included in the Notice.

---

[6] Defendants' fifth request is to modify the dates on the Notice to reflect a two-year statute of limitations period. But, as stated above, the Court has ordered a three-year statutory period instead.

- 8 -

Plaintiff stipulates to this request. Plaintiff must amend the proposed Notice to align with this stipulation.

Second, Defendants contend that Paragraph #2 of the Notice, which states "This Notice has been authorized by the United States District Court for the District of Arizona," may confuse recipients into thinking that the Court has taken a position in the lawsuit. Consequently, Defendants request that the statement be removed. However, the Court agrees with Plaintiff's position that the current Notice does not imply that the Court has endorsed Plaintiff's actions or has taken any position. Instead, the plain language of the proposed Notice state that it is the *Notice* that has been approved. The statement may therefore remain.

Third, Defendants request that Plaintiff put the following sentence in Paragraph #2 in bold font: "The Court has taken no position on the merits of this case." Plaintiff did not object to this request in his Reply; therefore, the Court grants Defendants' request.

Finally, Defendants request that the following statement be added to the end of paragraph #9: "You may be responsible for Defendants' cost and/or attorney's fees if Defendants prevail in this matter." In his Reply, Plaintiff cites *Peak v. Forever Living Products International, Inc.*, to argue it would be improper to add the statement above because in a FLSA action, attorneys' fees are only available if the case was brought in bad faith. 2011 WL 13174334 (D. Ariz. Sept. 30, 2011). But Plaintiff agrees to add the following statement to the end of Paragraph #9: "You may be responsible for Defendants' costs if Defendants prevail in this matter. Attorneys' fees in cases brought under the Fair Labor Standards Act are generally unavailable to prevailing Defendants except in cases brought in bad faith." (Reply at 7–8.) The Court thus endorses Plaintiff's proposal.

Without a meaningful objection to the remainder of Plaintiff's proposed method of providing notice, the Court approves of the rest of Plaintiff's proposals.

**IT IS THEREFORE ORDERED** granting in part and denying in part Plaintiff's Motion for Conditional Certification (Doc. 68), as set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's Notice and Consent forms shall be written and sent in compliance with this Order.

**IT IS FURTHER ORDERED** that pursuant to the Court's prior Order (Doc. 74), the parties shall submit a proposed case management schedule within 21 days of the date of this Order.

Dated this 10th day of February, 2021.

Honorable John J. Tuchi
United States District Judge