**GAMMAGE & BURNHAM, PLC**
ATTORNEYS AT LAW
40 NORTH CENTRAL AVENUE
20TH FLOOR
PHOENIX, AZ 85004
TELEPHONE (602) 256-0566
FAX (602) 256-4475

David A. Selden, SBN 007499
dselden@gblaw.com
(602) 256-4490
Julie A. Pace, SBN 014585
jpace@gblaw.com
(602) 256-4488
Heidi Nunn-Gilman, SBN 023971
hnunngilman@gblaw.com
(602) 256-4455
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Curphey, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**FNS Ventures - Gateway, LLC**, an Arizona Limited Liability Company;<br>**F & S Management II, LLC**, an Arizona Limited Liability Company;<br>**FNS Ventures II, LLC**, an Arizona Limited Liability Company;<br>**F & S Management IV, LLC**, an Arizona Limited Liability Company;<br>**Francis & Sons I, LLC**, an Arizona Limited Liability Company;<br>**F & S Management III, LLC**, an Arizona Limited Liability Company;<br>**F & S Oil III, LLC**, an Arizona Limited Liability Company;<br>**F & S Management VI, LLC**, an Arizona Limited Liability Company;<br>**F & S Oil - I, LLC**, an Arizona Limited Liability Company;<br>**F & S Oil V, LLC**, an Arizona Limited Liability Company; **Ehab Francis** and Jane Doe Francis, a Married Couple; and **Hisham Francis** and Jane Doe Francis II, a Married Couple,<br><br>Defendants. | Case No.  CV-19-5904-PHX-JJT<br><br>**JOINT NOTICE OF SETTLEMENT AND MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF LITIGATION** |

49432.101.2947604.2                                                                                  1

Plaintiffs, Kevin Curphey, Alyssa Bastidos, Kenneth Ragan, Luciano Azevedo, Lucio Silvas, Joe Arvizu, John Flores, and Jesse Preisel ("Plaintiffs") and FNS Ventures - Gateway, LLC, F & S Management II, LLC, FNS Ventures II, LLC, F & S Management IV, LLC, Francis & Sons I, LLC, F & S Management III, LLC, F &S Oil III, LLC, F & S Management VI, LLC, F &S Oil I, LLC, F & S Oil V, LLC, Ehab Francis, and Hisham Francis ("Defendants") have reached a proposed settlement in the above-captioned case, and now jointly move the Court for approval of their Fair Labor Standards Act ("FLSA") settlement agreement.

In support of this Joint Motion, the Parties have attached hereto the *Settlement Agreement, Waiver and Release*, which establishes that the Parties' settlement is a fair and reasonable resolution of the Parties' dispute as to FLSA liability and damages. Further, the settlement substantially compensates Plaintiffs for their alleged unpaid compensation. In addition, the Parties request that this Court approve Plaintiffs' reasonable attorneys' fees, case expenses, and service awards, at outlined in the attached *Settlement Agreement, Waiver and Release*.

Based on the above and the Parties' Settlement Agreement, the Parties respectfully request that this Court approve their FLSA settlement agreement, enter the Proposed Order, and dismiss this case with prejudice.

DATED this 30th day of November, 2021.

**GAMMAGE & BURNHAM, PLC**

By: *s/ David A. Selden*
David A. Selden
dselden@gblaw.com
Julie A. Pace
jpace@gblaw.com
Heidi Nunn-Gilman
hnunngilman@gblaw.com
40 N. Central Avenue, 20th Floor
Phoenix, AZ  85004
(602) 256-4490
*Attorneys for Defendants*

**BENDAU & BENDAU PLLC**


By: *s/ Clifford P. Bendau, II (with permission)*
Clifford P. Bendau, II
cliffordbendau@bendaulaw.com
Christopher J. Bendau
Chris@bendaulaw.com
P.O. Box 97066
Phoenix, AZ 85060
(480) 382-5176
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clifford P. Bendau, II
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ  85060
cliffordbendau@bendaulaw.com
chris@bendaulaw.com
*Attorneys for Plaintiff*

*s/ Lauri Andrisani*

LAW OFFICES
GAMMAGE & BURNHAM, PLC
40 N. CENTRAL AVENUE, 20TH FLOOR
PHOENIX, ARIZONA 85004-4527
(602) 256-4488

49432.101.2947604.2

3

## SETTLEMENT AGREEMENT, WAIVER AND RELEASE

This Agreement is made and entered into as of this 24th day of \_\_\_November\_\_\_, 2021 by and between FNS Ventures - Gateway, LLC, F & S Management II, LLC, FNS Ventures II, LLC, F & S Management IV, LLC, Francis & Sons I, LLC, F & S Management III, LLC, F &S Oil III, LLC, F & S Management VI, LLC, F &S Oil I, LLC, F & S Oil V, LLC, Ehab Francis, and Hisham Francis (collectively referred to as "Defendants") and Kevin Curphey, Alyssa Bastidos, Kenneth Ragan, Luciano Azevedo, Lucio Silvas, Joe Arvizu, John Flores, and Jesse Preisel (collectively referred to as "Plaintiffs") (singularly a "Party" and collectively "Parties").

**WHEREAS**, Plaintiffs are former managers or assistant managers for one or more of Defendants.

**WHEREAS**, Plaintiffs filed a lawsuit against Defendants in the United States District Court for the District of Arizona, *Curphey v. F&S Management I LLC et al*, Civil Case No. 2:19-cv-059040ROS (the "Litigation") alleging that Plaintiffs were misclassified as exempt and were owed unpaid overtime.

**WHEREAS,** Defendants discontinued and changed the payroll practices at issue in the Litigation on January 1, 2020, as since that date Defendants no longer classify their managers and assistant managers as salaried exempt and instead pays them an hourly wage. Thus, the allegations in this Litigation are no longer relevant to Defendants' payroll practices.

**WHEREAS**, Plaintiffs and Defendant have exchanged information about the Parties' claims and defenses to allow the Parties to fully and fairly evaluate Plaintiff's claims, including dates of employment, timekeeping, and compensation data.

**WHEREAS**, the Parties, through their experienced wage and hour counsel, engaged in detailed and arms' length settlement negotiations,

**WHEREAS**, Plaintiffs and their counsel have conducted a comprehensive investigation and evaluation of the facts and law relating to the claims asserted in the Litigation. In light of the costs, risks, and delay of continued litigation balanced against the benefits of settlement, Plaintiffs and their counsel believe that the settlement as provided in this Agreement is in the best interests of the Plaintiffs and represents a fair, reasonable, and adequate resolution of the claims in the Litigation.

**WHEREAS**, Defendants deny all of Plaintiffs' allegations in the Litigation. Defendants enter into this Agreement expressly disavowing any fault, liability, and/or wrongdoing. This Agreement is a compromise of disputed claims between and among the Parties. Nothing in this Agreement shall be construed as an admission by Defendants, or by any of Defendants' current or former employees or agents, of a breach of any duty, obligation, or contract, a violation of any right of Plaintiffs or of any other person, or a violation of any federal, state, or local statute, regulation, judicial doctrine, or other law.

**WHEREAS,** Defendants specifically deny and disclaim any liability to, any breach of any duty or obligation to or any unlawful action against Plaintiffs or any other person. Defendants also

deny any violation of any statute, regulation, judicial doctrine, or other law as alleged in the Litigation or otherwise.

**NOW, THEREFORE**, and in consideration of the acts, payments, covenants, and mutual agreements herein described and agreed to be performed, the Parties agree as follows:

1.  Consideration. As a settlement of any and all claims alleged by Plaintiffs in the Litigation, Defendants will pay a total gross sum of Fifty-Six Thousand Six Hundred Twenty-Seven and 00/100 Dollars ($56,627.00) (the "Settlement Payment") as follows:

    a.  Defendant F & S Oil V, LLC shall pay to Plaintiffs the aggregate amount of Twenty-Three Thousand and 00/100 Dollars ($23,000.00). One-half of that amount, Eleven Thousand Five Hundred and 00/100 Dollars ($11,500.00), is for back wages subject to taxes and other required withholdings. The other half of the payment, that Defendant F & S Oil V, LLC shall pay to Plaintiffs, in the aggregate amount of Eleven Thousand Five Hundred and 00/100 Dollars ($11,500.00), is for liquidated damages with no withholdings pursuant to a Form W-9. Within ten (10) business days after the Court approves this settlement and dismisses the Litigation, the Plaintiffs' counsel shall provide Defendants' counsel a list identifying the gross amounts to be paid to each Plaintiff, along with a Form W-9 for each Plaintiff, and Defendants shall issue checks payable to the individual Plaintiffs. F & S Oil V, LLC shall make the above payments within ten (10) business days after Plaintiffs' counsel provides Defendants' counsel with the above list and executed W-9 Forms for each Plaintiff.

    b.  Within ten (10) business days after the Court approves this settlement and dismisses the Litigation, Defendant F & S Oil V, LLC shall pay the gross sum of Three Thousand and 00/100 Dollars ($3,000.000) to Kevin Curphey as the Service Award for being the collective action representative in the Litigation.

    c.  Within ten (10) business days after the Court approves this settlement and dismisses the Litigation, Defendant F & S Oil V, LLC shall pay the gross sum of Thirty Thousand Six Hundred Twenty-Seven and 00/100 Dollars ($30,627.00) by check to Bendau & Bendau, PLLC for costs and attorneys' fees.

It is acknowledged and agreed by the Parties that the above payments are the compromise and settlement of disputed claims. Plaintiffs acknowledge that the payments constitute special consideration to Plaintiffs in exchange for Plaintiffs' promises and agreements as set forth in this Agreement.

2.  Plaintiffs' Waiver, Release, and Covenant Not to Sue. Plaintiffs, for Plaintiffs, Plaintiffs' marital communities, respective heirs and/or assigns, hereby irrevocably and unconditionally release all Claims, as defined hereinafter, against Defendants, Defendants' owners, directors, managers, agents, subsidiaries, affiliated companies, related entities, predecessors in interest, and successors in interest, except any claim that relates to Plaintiffs' right to enforce this Agreement. Subject to this exception, Plaintiffs release, waive, and forever discharge Defendants from any and all rights, causes of actions, claims, damages, expenses or costs (including attorneys' fees) or similar rights, known or unknown, whether suspected to exist or not, existing from the beginning of time to the date of the execution of this Agreement, of

whatever nature arising out of any act or omission that occurred prior to the effective date of this Agreement (hereinafter referred to as the "Claims").

**PLAINTIFFS STIPULATE THAT THE CONSIDERATION RECEIVED BY PLAINTIFFS UNDER THIS AGREEMENT, INCLUDING THE PAYMENTS DESCRIBED IN PARAGRAPH 1 ABOVE, ARE IN FULL AND COMPLETE SATISFACTION OF ANY CLAIMS THAT PLAINTIFFS MAY HAVE, OR MAY HAVE HAD, AGAINST DEFENDANTS UP TO THE DATE OF EXECUTION OF THIS AGREEMENT. EACH PLAINTIFF ACKNOWLEDGES THAT HE OR SHE UNDERSTANDS THAT, BY ENTERING INTO THIS AGREEMENT, HE OR SHE NO LONGER HAS THE RIGHT TO ASSERT ANY CLAIM OR LAWSUIT OF ANY KIND ATTEMPTING TO RECOVER MONEY OR ANY OTHER RELIEF AGAINST DEFENDANTS FOR ACTS OR INJURIES ARISING OUT OF THE DEFENDANTS' BUSINESS OR PLAINTIFFS' FORMER EMPLOYMENT BY DEFENDANTS OR THE TERMINATION OF THAT EMPLOYMENT.**

By signing this Agreement, Plaintiffs agree to and intend to fully waive and release all Claims. Plaintiffs understand that the Claims Plaintiffs are releasing may arise under many different laws (including statutes, regulations, and other administrative guidance, and common law doctrines), including but in no way limited to: Antidiscrimination statutes, such as The Age Discrimination in Employment Act, Executive Order 11141, Title VII of the Civil Rights Act of 1964, §§ 1981 and 1983 of the Civil Rights Acts of 1866, Executive Order, 11246, the Equal Pay Act, the Americans with Disabilities Act, §§ 503 and 504 of the Rehabilitation Act of 1973, the Genetic Information Non-Discrimination Act of 2008, or any other federal, state, or local laws prohibiting employment discrimination; Federal employment statutes, such as the WARN Act, ERISA, USERRA, the Sarbanes-Oxley Act, the Fair Labor Standards Act of 1938, The Lilly Ledbetter Fair Pay Act of 2009, the Family and Medical Leave Act of 1993, the Fair Credit Reporting Act, the National Labor Relations Act, the Labor Management Relations Act, or other federal laws relating to employment; state employment laws, such as the Texas Civil Rights Act, Arizona Civil Rights Act, Arizona Employment Protection Act, Arizona Wage Laws, Arizona Minimum Wage Act, Arizona Fair Wages and Healthy Families Act, any laws relating to wage and hours, or other state laws relating to employment; and under any other employment law or statute, or any common law principle, including but not limited to wrongful discharge, breach of implied or express contract, breach of the covenant of good faith and fair dealing, intentional or negligent infliction of emotional distress, fraud, negligent misrepresentation, defamation, or any other tort or related claim.

3. <u>Dismissal of Litigation/Court Approval</u>. The Parties agree to cooperate in good faith to effectuate the settlement of the Litigation, including securing the Court's approval of this Settlement Agreement and dismissal of the Litigation. The Parties agree that the settlement of the Litigation is expressly dependent on the approval of the Court. If the Court does not approve the Settlement, the Parties' litigation positions will return to the *status quo ante* and, for example, Defendants will not have waived, compromised, or impacted any objections or defenses to Plaintiffs' claims or the propriety of a collective action.

4. <u>No Admission of Liability</u>. Nothing contained in this Agreement shall be construed in any manner as an admission by Defendants that they have violated any statute, law or regulation, breached any contract or agreement, or have engaged in any wrongful conduct with respect to

Plaintiffs. Defendants specifically disclaim any liability to or wrongful acts against Plaintiffs or any other person, on the part of themselves, their employees or their agents.

5. Evidentiary Privilege. This Agreement and all associated negotiations are covered by Federal Rule of Evidence 408.

6. Execution. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original copy of this Agreement and all of which, when taken together, will be deemed to constitute one and the same agreement. The exchange of copies of this Agreement and of signature pages by facsimile transmission or other electronic means will constitute effective execution and delivery of this Agreement as to the Parties and may be used in lieu of the original Agreement for all purposes. Signatures of the Parties transmitted by facsimile or other electronic means will be deemed to be their original signatures for any purpose whatsoever.

7. Successors: This Agreement both binds and will inure to the benefit of the Parties, their heirs, administrators, representatives, executors, successors, predecessors and assigns.

8. Authority and Reliance. Plaintiffs warrant and represent that: (i) Plaintiffs have relied upon Plaintiffs' own judgment regarding the consideration for and language of this Agreement; (ii) Plaintiffs have been given the opportunity to consult with legal counsel regarding the terms of this Agreement; (iii) Plaintiffs understand this document and have obtained answers to questions that Plaintiffs have raised about the document; and (iv) no statements made by Defendants have in any way coerced or unduly influenced Plaintiffs to execute this Agreement. Plaintiffs acknowledge that this Agreement is written in a manner that is understandable to Plaintiffs and that Plaintiffs have read all of the paragraphs of this Agreement. Plaintiffs further acknowledge that Plaintiffs are entering into this Agreement freely, knowingly, voluntarily, and with a full understanding of its terms. Each Party warrants and represents that the Party is not relying on counsel for any other Party for the performance of any task, provision of any service or rendering of any advice for any purpose whatsoever, but instead is relying solely and exclusively on the Party's own counsel for all matters relating to the terms of this Agreement.

9. Nature of the Agreement. This Agreement and all provisions thereof, including all representations and promises contained herein, are contractual and not a mere recital and shall continue in permanent force and effect. The terms and conditions contained herein constitute the entire agreement between the Parties and supersede all previous communications, either oral or written, between the Parties with respect to the subject matter of this Agreement, and no agreement or understanding varying or extending the terms of this Agreement shall be binding upon either Party unless in writing signed by or on behalf of such Party. In the event that any portion of this Agreement is found to be unenforceable for any reason whatsoever, the other enforceable provisions shall be considered to be severable, and the remainder of the Agreement shall continue in full force and effect.

10. Choice of Law & Attorneys' Fees. This Agreement shall be governed by, interpreted under, and construed and enforced in accordance with the laws of the State of Arizona without giving effect to any choice or conflict of law provision or rule (whether of the State of Arizona or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Arizona. Any action or proceeding concerning this Agreement shall be commenced in Maricopa County, Arizona and the Parties irrevocably consent to personal jurisdiction and venue in Maricopa County, Arizona. The Parties agree that if any Party

successfully resorts to legal action to enforce its rights under this Agreement, the losing party shall be liable for reasonable attorneys' fees incurred by the other party.

11.  No Construction against Either Party. In the event an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the Parties, and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Agreement. Any reference to any federal, state, local or foreign statute shall be deemed to refer to all rules and regulations promulgated thereunder, unless the context requires otherwise. The word "including" means including, without limitation. The Parties intend that representations, warranties, and covenants contained herein shall have independent significance. If any Party has breached any representation, warranty, or covenant contained herein in any respect, the fact that there exists another representation, warranty or covenant relating to the same subject matter (regardless of the relative levels of specificity) that the Party has not breached shall not detract from or mitigate the fact the Party is in breach of the first representation, warranty or covenant.

So Acknowledged and Agreed:

**PLAINTIFFS:**

| Signature | Date |
|---|---|
| Kevin Curphey | 11/12/2021 |
| Alyssa Bastidos | 11/12/2021 |
| Kenneth Ragans | 11/12/2021 |
| Luciano Azevedo | 11/12/2021 |
| Lucio Silvas | 11/12/2021 |
| Joe Arvizu | 11/12/2021 |
| John Flores | 11/12/2021 |
| Jesse Preisel | 11/24/2021 |

Kevin Curphey, on Behalf of Jesse Preisel

49432.101.2919745.4                        -5-

**DEFENDANTS:**

FNS Ventures – Gateway LLC
BY: _[signature]_  11/11/2021
Date

F & S Management II, LLC
BY: _[signature]_  11/11/2021
Date

FNS Ventures II, LLC
BY: _[signature]_  11/11/2021
Date

F & S Management IV, LLC
BY: _[signature]_  11/11/2021
Date

Francis & Sons I, LLC
BY: _[signature]_  11/11/2021
Date

F & S Management III, LLC
BY: _[signature]_  11/11/2021
Date

F & S Oil III, LLC
BY: _[signature]_  11/11/2021
Date

F & S Management VI, LLC
BY: _[signature]_  11/11/2021
Date

F & S Oil I, LLC
BY: _[signature]_  11/11/2021
Date

F & S Oil V, LLC
BY: _[signature]_  11/11/2021
Date

_[signature]_
Ehab Francis  11/11/2021
Date

_[signature]_
Hisham Francis  11/11/21
Date

49432.101.2919745.4

-6-

APPROVED AS TO FORM:

*signature*

Clifford P. Bendau, II
cliffordbendau@bendaulaw.com
Christopher J. Bendau
Chris@bendaulaw.com
Bendau & Bendau PLLC
P.O. Box 97066
Phoenix, AZ 85060
(480) 382-5176
*Attorneys for Plaintiffs*

*signature*

David A. Selden
dselden@gblaw.com
Julie A. Pace
jpace@gblaw.com
Heidi Nunn-Gilman
hnunngilman@gblaw.com
Gammage & Burnham PLC
40 N. Central Avenue, 20th Floor
Phoenix, AZ 85004
(602) 256-4490
*Attorneys for Defendants*